IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES A. DUKES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:15-CV-3600-D |
| VS. | § | |
| | § | |
| EMMANUEL STRAND, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this suit by plaintiff James A. Dukes ("Dukes") arising from his arrest at his residence by Dallas Police Department officer Emmanuel Strand ("Officer Strand"), Officer Strand moves for partial summary judgment as to two of Dukes's three claims under 42 U.S.C. § 1983, asserting that Dukes cannot prevail on the merits and that Officer Strand is entitled to qualified immunity. The court grants the motion in part and denies it in part.[*]

Dukes asserts three claims arising from his November 7, 2013 arrest at his residence on Copeland Street in Dallas: excessive force, unreasonable seizure, and denial of medical care. Officer Strand moves for summary judgment as to Dukes's claims for unreasonable seizure and denial of medical care. *See* D. Br. 1 ("Strand does not seek summary judgment on Dukes's excessive force claim."). In response, Dukes does not oppose summary judgment dismissing his claim for denial of medical care. *See* P. Br. 16 ("Plaintiff concedes there is insufficient evidence to demonstrate that

---

[*]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

Defendant was deliberately indifferent to his medical needs therefore consents to Judgment as to his Denial of Medical Care claim."). Only Dukes's claim for unreasonable seizure remains to be addressed.

Officer Strand maintains that Dukes cannot recover on his unreasonable seizure claim because Officer Strand had probable cause to arrest him, or that he is entitled to qualified immunity because a reasonable officer could have believed that he had probable cause to arrest Dukes. The court holds that Officer Strand has failed to demonstrate that Dukes cannot recover on this claim or that Officer Strand is entitled to qualified immunity. This is so because Dukes is not relying on the arrest that Officer Strand effected after Dukes entered his residence, Officer Strand allegedly observed Dukes grab a vitamin bottle and small bag of marihuana, and Officer Strand arrested Dukes, checked for warrants, and learned that Dukes had an outstanding parole revocation warrant. Officer Strand maintains that, "[b]ecause of the outstanding parole violation warrant, there was probable cause to arrest Dukes." D. Mot. 5. He avers in his affidavit that, during the detention of Dukes that occurred after Officer Strand entered Dukes's residence, he and his fellow officers learned that Dukes was the subject of an active warrant for a parole violation, and "Dukes was placed under arrest for that active parole violation." D. App. 2. But Dukes is relying on a *different* arrest: an arrest that allegedly occurred on the stairs leading into Dukes's residence, before the occurrence of the events on which Officer Strand relies. *See* P. Br. 9 ("Plaintiff's Original Complaint alleges that he was unlawfully and unreasonably seized on the stairs leading into his residence. As Plaintiff grabbed his door handle to enter his residence, Strand pushed the center of his back into the door frame and pulled him backward in a chokehold. This restraint constitutes an arrest, because a reasonable person would have believed he was not free to leave." (quotation marks and citation

omitted)); *id.* at 11 ("As Plaintiff approached the entrance to his home, Strand admits that he had no lawful basis to detain Plaintiff."). Therefore, although it is difficult to see how Dukes will be able to prove at trial that he incurred any significant damages from an arrest that, if it occurred, lasted perhaps a matter of seconds before he was lawfully arrested on the outstanding parole violation warrant, Officer Strand is not entitled to summary judgment dismissing Dukes's unreasonable seizure claim.

Officer Strand's motion for summary judgment is granted in part and denied in part.

**SO ORDERED**.

August 8, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE