IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JAMES A. DUKES,

    Plaintiff,

v.

EMMANUEL STRAND,

    Defendant.

Case No. 3:15-cv-3600-BT

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This Memorandum Opinion sets forth the Court's reasons for denying Plaintiff's counsel's second Motion for Substitution of Party under Fed. R. Civ. P. 25(a) (ECF No. 109) and dismissing this case without prejudice.

### Background

Plaintiff James A. Dukes ("James") filed this civil rights action under 42 U.S.C. § 1983 asserting claims against Defendant Dallas police officer Emmanuel Strand ("Strand") for alleged violations of James's Fourth Amendment rights, including the alleged use of excessive force against James during the course of an alleged unlawful arrest on November 7, 2013. Compl. at 2-4, ¶¶ 6, 15-17, 25 (ECF No. 1). The Court set the case for a jury trial on September 10, 2018. Electronic Order (ECF No. 86). However, James died on August 25, 2018. Thereafter, James's counsel filed a Suggestion of Death Upon the Record pursuant to Federal Rule of Civil Procedure 25(a)(1), Notice at 1 (ECF No. 93), and later James's counsel filed

a Status Report indicating that he had located two of James's living children, Caroletta Dukes[1] and Robert Jackson. Status Report at 1 (ECF No. 98). Counsel also requested additional time to correspond with Caroletta. *Id.* In response, the Court scheduled a Rule 16 status conference for November 1, 2018, and deferred its ruling on counsel's request for additional time until after the status conference. Order at 2 (ECF No. 99).

On November 1, 2018, prior to the status conference, James's counsel filed his first Motion for Substitution of Party Under Fed. R. Civ. P. 25(a), seeking to substitute Caroletta as a named party in place of James. Pl.'s Mot. (ECF No. 100). During the Rule 16 status conference, the Court expressed concerns about the lack of supporting documentation to establish Caroletta as a "proper party" under Rule 25(a). One week later, the Court issued a Memorandum Order denying without prejudice Caroletta's motion for substitution due to the lack of "evidence in the record to establish that [Caroletta] is James's legal representative or successor or is otherwise a 'proper party' under Rule 25." Mem. Order at 2 (ECF No. 102). Under two separate orders, the Court extended the deadline to file a motion under Rule 25. *Id.* (setting a December 14, 2018 deadline to refile the motion); *see also* Electronic Order (ECF No. 108) (extending deadline to refile the motion to January 16, 2019).

On January 16, 2019, James's counsel filed his second Motion for

---

[1] Ms. Dukes's name has been spelled inconsistently in prior documents. Caroletta Dukes is the proper spelling of her name.

Substitution of Party, still seeking to substitute Caroletta in place of James. Pl.'s Mot. (ECF No. 109). In support of the motion, counsel also submitted an affidavit from Caroletta, which stated that Caroletta was James's daughter.[2] Pl.'s Mot. at 3, ¶ 1 (ECF No. 109). On January 23, 2019, during a telephone conference with the parties, this Court ordered Strand to file his response to the motion by January 30, 2019, and ordered that any reply must be filed by February 6, 2019. Electronic Order (ECF No. 114).

In Strand's timely-filed response in opposition of the motion, he argued Caroletta had failed to show she was a proper party under Rule 25 because she failed to prove she was either an executor, administrator, or primary distributee of her father's estate. Def.'s Mot. at 5-8 (ECF No. 115). Caroletta filed a reply arguing that "she is an heir at law, that there is no existing probate proceeding and that there is no need to probate [James's] estate." Pl.'s Reply at 1 (ECF No. 125). Caroletta further stated "that there is an agreement to distribute any assets of her father between herself and her brother, who are the sole heirs to [James's] estate." *Id.* Caroletta also attached an amended affidavit to her motion, which stated in relevant part:

> My father died unmarried, intestate on August 25, 2018.
> My father has two remaining children, Robert Jackson

---

[2] As Strand observes, Caroletta's amended affidavit does not state that the facts set forth therein are (i) based on her personal knowledge or (ii) true. Def.'s Sur-reply at 2-3, 5-7 (ECF No. 127). Assuming such omissions were inadvertent and that Caroletta could correct the omissions given a fair opportunity, the evidence is still insufficient to show Caroletta is entitled to relief for the reasons stated in this Memorandum Opinion and Order of Dismissal.

> and myself.
>
> No probate proceeding has been instituted and there is no plan to institute a probate proceeding. Furthermore, my brother Robert Jackson and I have entered into an agreement as to the distribution of any assets due to my father's estate.

Pl.'s Aff. at 3, ¶¶ 4-5 (ECF No. 125-1).

In light of the new evidence, this Court granted Strand leave to file a sur-reply, Electronic Order (ECF No. 126), which he filed on February 7, 2019, again arguing that Caroletta failed to show she was a proper party under Rule 25 despite the new evidence. Def.'s Sur-reply at 3-5. (ECF No. 127). Strand also countered the affidavit by providing his own new evidence suggesting that Caroletta is not James's daughter at all. *Id.* at 6-7.

## Legal Standards

Under Federal Rule of Civil Procedure 25(a), when a claim survives a party's death, "the court may order substitution of the proper party. . . ." Fed. R. Civ. P. 25(a). A "motion for substitution may be made by any party or by the decedent's successor or representative." *Id.* Executors, administrators, and primary distributees of a decedent-plaintiff's estate are proper parties under Rule 25. *See Janvey v. Adams*, 2014 WL 12834493, at *2 (N.D. Tex. Oct. 3, 2014) (explaining that courts have generally interpreted Rule 25 to provide for substitution only of the decedent's legal representatives, but also noting that there is substantial support for interpreting Rule 25 to include primary distributees as proper parties for substitution). But, a surviving relative with no other legal relationship to the

4

deceased plaintiff is not necessarily a proper party. *See Roberson v. Wood*, 500 F. Supp. 854, 859 (S.D. Ill. Nov. 12, 1980) (holding that persons, who were neither executors nor administrators of deceased plaintiffs and had no other legal relationship to deceased plaintiffs other than kinship, were not entitled to substitution); *Blassingill v. Reyes et al.*, 2018 WL 4922442, at *2 (N.D. Tex. Sept. 18, 2018), *adopted by* 2018 WL 4913881 (N.D. Tex. Oct. 9, 2018) (holding that a son was not a proper party to substitute for his deceased father where he failed to show his father died intestate or that the son was the personal representative of his father's estate). The burden is on the substituting party to show she is a proper party. *See Adams v. Patel*, 2010 WL 183914, at *2 (S.D. Tex. Jan. 11, 2010) (citation omitted) (requiring the substituting individual to file documentation establishing she was the plaintiff's legal representative or successor).

**Analysis**

Caroletta is not a proper party under Rule 25 because she has failed to show she is the legal representative of James's estate. In Texas, an estate's representative is either the "'executor' if named in the will or the 'administrator' if the person dies intestate." *In re Seitz*, 430 B.R. 761, 762 (Bankr. N.D. Tex. 2010); *see also* Tex. Est. Code Ann. § 22.031. Caroletta's amended affidavit states that James Dukes died intestate. Pl.'s Aff. at 2, ¶ 4 (ECF No. 125-1). Accordingly, Caroletta is not an executor of the estate because there is no will naming her as such. Caroletta has also failed to show she is the administrator of James's estate. Administrators in Texas are only established through court appointment. *See In re Estate of Huff*, 15

5

S.W.3d 301, 307 (Tex. App.—Texarkana 2000, no pet.). Caroletta has not provided the Court with any evidence that she has been appointed as an administrator of James's estate.

Some courts have interpreted Rule 25 to allow only a decedent's legal representatives to be substituted as a proper party. *See Janvey*, 2014 WL 12834493, at *2. But, many courts have interpreted the 1963 amendments to Rule 25 as having broadened the scope of proper parties. *Id.*; *Sinito v. U.S. Dept. of Justice*, 176 F.3d 512, 516 (D.C. Cir. 1999) (citing *Rende v. Kay*, 415 F.2d 983, 986 (D.C. Cir. 1969)) ("[T]he addition of the word 'successor' to [Rule 25] means that a proper party need not necessarily be the appointed executor or administrator of a deceased party's estate."). Based on the liberalization of Rule 25, many courts include primary distributees as proper parties for substitution. *Janvey*, 2014 WL 12834493, at *2. Here, however, Caroletta has not shown she is a primary distributee of James's estate. Caroletta's amended affidavit does not allege any facts which establish that James's estate has been distributed or that Caroletta is a distributee—much less a primary distributee—of the estate.

Additionally, it is unclear whether the Court must look to state law to define "successor." *Id.* "[A] number of courts interpreting Rule 25 to include distributees within the term 'successors' have done so without any reference to state law." *Id.* To the extent the Court must consider state law, Caroletta is still not a proper party under Rule 25. Texas law "authorizes survival actions by the estate's personal representatives and heirs at law." *Rodgers v. Lancaster Police & Fire Dep't*, 819

F.3d 205, 212 (5th Cir. 2016) (discussing Tex. Civ. Prac. & Rem. Code § 71.021(b)). An "heir" is "a person who is entitled under the statutes of descent and distribution to a part of the estate of a decedent who dies intestate." Tex. Est. Code § 22.015. If an unmarried person dies intestate, their estate is first passed down to their living children and grandchildren. Tex. Est. Code § 201.001(a)-(b). To maintain a survival suit, heirs must "allege and prove that there is no administration pending and none necessary." *Rodgers*, 819 F.3d at 212.

In this case, Caroletta's amended affidavit states she is James's daughter, James "died unmarried, intestate on August 25, 2018," and that James "has two remaining children, Robert Jackson and myself." Pl.'s Aff. at 3, ¶ 4 (ECF No. 125-1). The affidavit also states "[n]o probate proceeding has been instituted and there is no plan to institute a probate proceeding." *Id.* at 3, ¶ 5. Based on her amended affidavit, Caroletta argues she is a proper party for substitution because she is James's heir at law and "there is no existing probate proceeding and that there is no need to probate [James's] estate." Pl.'s Reply at 1 (ECF No. 125).

However, Caroletta has failed to show she is James's heir at law. Under Texas law, James's living children would be his heirs because he was unmarried and died intestate. *See* Tex. Est. Code § 201.001(b); *see also Blassingill*, 2018 WL 4922442, at *2 ("If a person who dies intestate does not leave a spouse . . . [their] estate first descends and passes to the deceased's children and the children's descendants, if living."). In her affidavit, Caroletta states she is James's heir because she is his daughter. However, Strand has put forth evidence suggesting

7

otherwise. In James's deposition on September 12, 2016, James stated that he had three children: "My oldest one is Laronda Johnson, she's deceased. And I have Robert Whitehead. And I have Angela Coleman." Def.'s Sur-reply at 6-7 (ECF No. 127). Notably, James failed to state he had a daughter named Caroletta Dukes.[3] Caroletta did not submit a copy of her birth certificate or any evidence—other than her uncorroborated affidavit testimony—to establish that James was her father. Based on the record evidence, the Court finds that Caroletta has not established that she is James's heir.

Even if the Court were convinced Caroletta is James's heir, she is not entitled to substitute as plaintiff because she has not shown that an administration of James's estate is not pending or necessary. *See Rodgers*, 819 F.3d at 212 (quoting *Shepherd v. Ledford*, 962 S.W.3d 28, 31-32 (Tex. 1998)) ("Usually only a personal representative may bring a survival action, but '[h]eirs at law can maintain a survival suit . . . if they allege and prove that there is no administration pending and none necessary.'"). Caroletta's amended affidavit states that "[n]o probate proceeding has been instituted and there is no plan to institute a probate proceeding." Pl.'s Aff. at 3, ¶ 5 (ECF No. 125-1). While this may establish there is no pending proceeding, Caroletta's self-serving statement that she has no "plan" to institute a proceeding fails to establish that an administration is not necessary. *Compare Rodgers*, 819 F.3d at 212-13 (holding it was unclear whether

---

[3] James also failed to state that he had a son named Robert Jackson.

administration was necessary when it was uncertain whether deceased's legal heir was the estate's sole heir) *and Shepherd*, 962 S.W.2d at 233-34 (holding administration was not necessary based on wife's testimony that all of deceased's debts had been paid and agreement had been made with other family members permitting her to take entire estate as only heir) *with Stewart v. Hardie*, 978 S.W.2d 203, 207 (Tex. App.—Fort Worth 1998, pet. denied) (holding administration was necessary when heir was not the sole beneficiary, there were debts against the estate, and there was no stipulation that the decedent's family made agreement about the estate's disposition).

Under Texas Estates Code § 306.002(c), an administration is considered necessary if (1) "there are two or more debts against the estate" or (2) "the administration is necessary to receive or recover funds or other property due the estate[.]" Tex. Est. Code § 306.002(c). Here, Caroletta's affidavit does not state whether there are any debts against the estate or whether all debts have been paid. Further, in Plaintiff's Motion for Continuance, counsel states that James died at Parkland Hospital in Dallas, Texas. Pl.'s Mot. at 1, ¶ 1 (ECF No. 94). Based on this assertion, it is certainly conceivable that some debt against the estate exists because James died at a hospital and may have incurred medical expenses during his hospital stay. *See Stempson v. City of Hous.*, 2003 WL 139603, at *3 (Tex. App.—Houston [1st Dist.] Jan. 9, 2003, no pet.) (finding administration was necessary when movant's affidavit did not state whether there were any debts of the estate or that all debts had been paid and summary judgment evidence showed

debts for hospital bills, emergency medical services, and funeral expenses).

Additionally, Caroletta and Robert Jackson's purported "agreement as to the distribution of any assets due to my father's estate" is not sufficient to show that no administration is necessary. Under Texas law, "[a]n estate administration is not necessary if there is a family settlement agreement, highly favored by courts, in which the heirs agree to distribution of the estate property." *See Lovato v. Austin Nursing Ctr., Inc.*, 113 S.W.3d 45, 52 (Tex. App.—Austin 2003, pet. granted), *aff'd on other grounds*, 171 S.W.3d 845 (Tex. 2005); *see also Webb v. Livingston*, 2017 WL 2118969, at *3 (S.D. Tex. May 16, 2017) (citing *Pitner v. U.S.*, 388 F.2d 651, 656 (5th Cir. 1967)) (explaining that when proving administration is not necessary because of the existence of a family settlement agreement, plaintiffs are not required to prove there are no debts against the estate but must show only that they have "arranged to pay the debts of the estate in their family settlement agreement"). James's deposition testimony suggests that Caroletta and Robert Jackson are not his only heirs. James testified he had three children—none of whom was Caroletta or Robert Jackson. And even though his daughter Laronda reportedly predeceased James, there is no evidence regarding whether Laronda has any living descendants. *See* Tex. Estate Code § 201.001(b) (providing that a deceased person's estate descends and passes to the deceased's children and their children's descendants). Caroletta's affidavit does not state that the purported agreement amongst James's heirs includes the other children James identified at his deposition, or those children's descendants, if any. Caroletta further fails to

provide any corroborating evidence of the purported agreement with Robert Jackson, such as an executed copy of the agreement. Her bald statement that she has such an agreement with Robert Jackson as to the distribution of any assets of James's estate fails to establish that no administration of the estate is necessary.

In view of the record evidence, the Court finds that Caroletta has not met her burden to show she is a proper party to substitute as Plaintiff under Rule 25.

## Conclusion

For the reasons stated, Plaintiff's counsel's second Motion for Substitution of Party under Fed. R. Civ. P. 25(a) is DENIED, and this case is DISMISSED without prejudice.

**SO ORDERED**.

June 21, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE